IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Veotis Harding, | ) |
|              Petitioner, | ) Civil Action No.: 5:18-cv-03248-JMC |
| v. | ) **ORDER** |
| Bryan Antonelli, *Warden of FCI-Williamsburg*,[1] | ) |
|              Respondent. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 17, 2018. (ECF No. 9.) The Report addresses Petitioner Veotis Harding's ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1) and recommends that the court summarily dismiss Petitioner's Petition. (ECF No. 9 at 4.) For the reasons stated herein, the court **ACCEPTS** the Report and **DISMISSES** Petitioner's Petition (ECF No. 1) without prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts, which this court incorporates herein without a recitation. (*Id*. at 2-4.) As a brief background, Petitioner, proceeding *pro se*, filed the instant Petition on December 3, 2018, pursuant to 28 U.S.C. § 2241. (ECF No. 1 at 1.) Petitioner initially pled guilty to all charges derived from an indictment charging eighteen violations of 18 U.S.C. § 1952 and seventeen violations of 18 U.S.C. § 1956. (*Id.* at 3-4.) Petitioner now alleges his

---

[1] Pursuant to the Magistrate Judge's Report, the respondent in this case should be Bryan Antonelli, the Warden of FCI-Williamsburg, therefore, the court directs the Clerk of Court of the United States District Court for the District of South Carolina to remove the United States of America and add Bryan Antonelli, Warden of FCI-Williamsburg as the proper respondent. (*See* ECF No. 9 at 1 n.1.)

1

conviction is illegal under *United States v. Santos*, 553 U.S. 507 (2008). (*Id.* at 7.) The Magistrate Judge filed her Report on December 17, 2018. (ECF No. 9.) The Report determined that the Petition is identical to the petition in *Harding v. Antonelli*, No. 5:18-cv-1878-JMC-KDW. (*Id.* at 3.) This case is still pending review before the court. The Report ultimately recommends that the court summarily dismiss Petitioner's Petition. (*Id.* at 4.) The parties were advised of their right to file specific objections to the Report. (*Id.* at 5.) Neither party, however, filed an objection to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the absence of objections to the Report, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Since no specific objections were filed by either party and the court discerns no clear error, the court adopts the Report herein.  *Camby*, 718 F.2d at 199.

## IV.  CONCLUSION

After a thorough review of the Report and the record in this case, the court finds that the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 9) and incorporates it herein.  Accordingly, the court summarily **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1) without prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2019
Columbia, South Carolina

3